{¶ 23} I respectfully dissent from the majority's determination that the umbrella policy application meets all the requirements of Linkov. Indemn. Ins. Co. of N. Am. (2000), 90 Ohio St.3d 445. Specifically, I do not agree that the application adequately sets forth the premium for UM/UIM coverage. See id. at 448. In this case, the application is not filled out, requiring the applicant to figure out the base premium for UM/UIM coverage. In addition, the print on the form is small, compressed, and hard to read.
 {¶ 24} Most troublesome, however, is the line which lists "Territory Multiplier." Although this is listed as a possible cost factor, there is no explanation of what this item is or if it applies to the Kohntopps' premium. Whether or not the territory multiplier applies is ultimately determined by information which must be obtained from a source outside the document, the insurance agent. Moreover, other than the notation "See Agent's Manual," there is nothing to indicate who to contact for this information or how to complete the calculations. This puts unreasonable burdens on the offeree, the insured, to determine the terms of the offer. The "offer," a blank form which the offeree is required to read and do his own computations, is, in reality, no offer at all.
 {¶ 25} In my view, to meet the Linko requirements, the agent should have filled in the form with the actual premium costs, completing any necessary calculations. Since none of that information has been actually indicated on the umbrella policy application, it does not contain "the information necessary to make it a meaningful offer" in compliance with Linko. See Linko, supra, at 449. Therefore, I would reverse the judgment of the trial court on the basis that the Kohntopps did not sign a valid offer and rejection of the UM/UIM coverage under the Hamilton umbrella policy.